|   |   |
|---|---|
| UNITED STATES DISTRICT COURT | |
| DISTRICT OF NEVADA | |
| * * * | |
| TONYA T.,[1]   Plaintiff,   v.   KILOLO KIJAKAZI,   Defendant. | Case No. 2:22-cv-1215-BNW   **ORDER** |

This case involves review of an administrative action by the Commissioner of Social Security denying Plaintiff Tonya T.'s application for disability insurance benefits under Title II and Title XVI of the Social Security Act. The Court reviewed Plaintiff's Motion for Reversal And/Or Remand (ECF No. 24), the Commissioner's Cross-Motion to Affirm and Response (ECF Nos. 25 and 26), and Plaintiff's Reply (ECF No. 27). For the reasons discussed below, the Court grants Plaintiff's motion and remands for further proceedings.

**I.   BACKGROUND**

On March 14, 2019, Plaintiff applied for disability insurance benefits under Title II of the Social Security Act as well as supplemental security income under Title XVI, alleging an onset date of February 15, 2017. ECF No. 19-1 at 160.[2] Plaintiff's claim was denied initially and on reconsideration. *Id.*

A telephonic hearing was held before Administrative Law Judge ("ALJ") B. Hannan on June 1, 2021. *Id.* On July 8, 2021, ALJ Hannan issued a decision finding that Plaintiff was not disabled. *Id.* at 176. Plaintiff appealed that decision to the Appeals Council, who remanded the case back to the ALJ on October 20, 2021. *Id.* at 24. On remand, ALJ Norman Bennett held a telephonic hearing on February 17, 2022. *Id.* ALJ Bennett then issued a decision finding that

---

[1] In the interest of privacy, this opinion only uses the first name and last initial of the nongovernmental party.
[2] ECF No. 19 refers to the Administrative Record in this matter which, due to COVID-19, was electronically filed. All citations to the Administrative Record will use the CM/ECF page numbers.

Plaintiff was not disabled on March 14, 2022. *Id.* at 36. Although Plaintiff appealed the decision, the Appeals Council denied review. *Id.* at 1–3. On July 28, 2022, Plaintiff commenced this action for judicial review under 42 U.S.C. § 405(g). *See* ECF No. 1.

## II.     STANDARD OF REVIEW

Administrative decisions in Social Security disability-benefits cases are reviewed under 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which [s]he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action. . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The Court may enter "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

The Comisioner's findings of fact are conclusive if supported by substantial evidence. *See id.*; *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, the Court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F. 3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

Under the substantial evidence test, findings must be upheld if supported by inferences

2

reasonably drawn from the record. *Batson v. Comm'r*, 359 F.3d 1190, 1193 (9th Cir. 2004). When the evidence supports more than one rational interpretation, the court must defer to the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten v. Sec'y of Health & Human Serv.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Thus, the issue before the Court is not whether the Commissioner could have reasonably reached a different conclusion, but whether the final decision is supported by substantial evidence. *Burch*, 400 F.3d at 679. It is incumbent on the ALJ to make specific findings so that the Court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981). Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are not sufficient. *Id.* The ALJ's findings "should be as comprehensive and analytical as feasible, and where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." *Id.*

**A. Disability evaluation process and the ALJ decision**

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected. . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The individual also must provide "specific medical evidence" in support of her claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520(a); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that she can make a finding of disability or non-disability, a determination will be made, and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003).

Step one requires the ALJ to determine whether the individual is engaged in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(a)(4)(i). If the individual is engaged in SGA, the ALJ will make a finding of non-disability. If the individual is not engaged in SGA, then the analysis proceeds to step two.

Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits her from performing basic work activities. *Id.* § 404.1520(a)(4)(ii). If the individual does not have a severe medically determinable impairment or combination of impairments, then the ALJ makes a finding of non-disability. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* § 404.1520(a)(4)(iii). If the individual's impairment or combination of impairments meets or equals the criteria of a listing and the duration requirement, then the ALJ makes a finding of disability. *Id.* § 404.1520(d). Otherwise, the analysis proceeds to step four.

However, before moving to step four, the ALJ must first determine the individual's residual functional capacity ("RFC"), which is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. *See* 20 C.F.R. § 404.1560; *see also* SSR 96-8p. In making this finding, the ALJ must consider all the relevant evidence, such as all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1545. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record.

Step four requires the ALJ to determine whether the individual has the RFC to perform

4

her past work ("PRW"). 20 C.F.R. § 404.1520(a)(4)(iv). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years. The work also must have lasted long enough for the individual to learn the job and to have performed an SGA. If the individual has the RFC to perform her past work, then the ALJ makes a finding of non-disability. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to step five.

The fifth and final step requires the ALJ to determine whether the individual can do any other work considering her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If she can do other work, then the ALJ makes a finding of non-disability. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence demonstrating that other work exists in significant numbers in the economy that the individual can do. *Yuckert*, 482 U.S. at 141–42.

*Here*, the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520(a). ECF No. 19-1 at 27–36.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 15, 2017, the alleged onset date. *Id.* at 27.

At step two, the ALJ concluded that Plaintiff had the following severe impairments: bipolar disorder, attention deficit hyperactivity disorder ("ADHD"), and post-traumatic stress disorder ("PTSD"). *Id.*

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 28.

Before moving to step four, the ALJ concluded that Plaintiff had the RFC to perform a full range of work at all exertional levels but with the following non-exertional limitations:

the claimant can perform simple, repetitive tasks with a reasoning level of one to two; can have occasional contact with supervisors, coworkers, and the general public; and cannot perform assembly type jobs which require working in tandem with others and which require quotas.

*Id.* at 29.

At step four, the ALJ found that Plaintiff could not perform her PRW as a general clerk or a secretary. *Id.* at 35.

At step five, the ALJ found that given Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that she could perform, namely as an industrial cleaner, a sweeper, or a housekeeper cleaner. *Id.* at 35–36. The ALJ then concluded that Plaintiff was not under a disability at any time since February 15, 2017. *Id.* at 36.

**III.   ANALYSIS**

**A.   The ALJ's assessment of the RFC**

"[T]he ALJ is responsible for translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015). "[A]n ALJ's assessment of a claimant adequately captures restrictions related to concentration, persistence, or pace where the assessment is consistent with restrictions identified in the medical testimony. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008). To the extent that the evidence could be interpreted differently, it is the role of the ALJ to resolve conflicts and ambiguity in the evidence. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599–00 (9th Cir. 1999). Where evidence is subject to more than one rational interpretation, the ALJ's conclusion will be upheld. *Burch v. Barnhart*, 400 F.3d at 679. The Court will only disturb the ALJ's findings if they are not supported by substantial evidence. *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012).

Here, Plaintiff argues that the ALJ's RFC assessment was inconsistent with the limitations identified by Drs. Wright and Ibarra because the RFC accounted for "occasional" rather than "brief" interactions and did not account for limitations in responding to feedback

from supervisors. ECF No. 24 at 8–11. The Commissioner responds that the ALJ's RFC finding does not have to be identical to the doctors' opinions, that the ALJ adequately explained the underlying basis for his RFC determination, and that his findings and opinions are supported by substantial evidence. ECF Nos. 25 and 26 at 7.

### 1. *"Occasional" contact is not equivalent to "brief" contact*

Both Drs. Wright and Ibarra—whose opinions the ALJ found persuasive—reviewed the record and reached the opinion that Plaintiff can interact appropriately in *brief*, casual encounters with the public and coworkers. ECF No. 19-1 at 129–32; 150–52. The ALJ found these opinions consistent with the medical record and translated the opinions to allow *occasional* contact with supervisors, coworkers, and the general public. *Id.* at 29.

In the administrative context, "occasional" means "from very little up to one third" of an eight-hour workday. *Bishton v. Kijakazi*, No. 2:20-CV-136-TLS, 2021 WL 5564309, at *8 (N.D. Ind. Nov. 29, 2021) (citing SSR 83-10). Though the ALJ found the doctors' opinions persuasive and consistent with the medical record, he limited Plaintiff only to occasional, rather than brief, contact in his RFC determination. But "occasional" provides for "considerably more interaction" than "brief." *Kimberly R. v. Kijakazi*, No. 2:21CV47, 2022 WL 406384, at *6 (N.D. Ind. Feb. 10, 2022). The ALJ's RFC determination therefore amounted to a rejection of the doctors' opinion that Plaintiff's work interactions should be limited in length and substance. *Lucero v. Saul*, No. CV 20-518 KK, 2021 WL 2589130, at *15 (D.N.M. June 24, 2021). The ALJ did not explain his rejection of the doctors' opinions on this point, nor did he reconcile how these opinions support a finding that Plaintiff can interact with supervisors, coworkers, and the general public "occasionally," *i.e.*, up to a third of the day.

Though the Commissioner is correct that the ALJ's RFC finding is not required to match the doctors' findings exactly, the RFC must be "consistent with restrictions identified in the medical testimony." *Stubbs-Danielson*, 539 F.3d at 1174. As discussed above, "occasional" is not consistent with "brief." Because the ALJ failed to adequately explain the underlying basis for arriving at this RFC determination, his findings and opinions are not supported by substantial

evidence. *See Lucero*, 2021 WL 2589130, at *16.

### 2. *"Nonconfrontational" is a necessary limitation*

A claimant's ability to interact with supervisors is a work-related mental ability that is critical to all work, and the ALJ must adequately address it in the RFC. *Bennett v. Berryhill*, No. 1:16-CV-00399-LF, 2017 WL 5612154, at *7 (D.N.M. Nov. 21, 2017). Though the evidence of record demonstrates that Plaintiff has a limitation in her ability to respond appropriately to criticism from supervisors, the ALJ failed to address this limitation in formulating Plaintiff's RFC. The RFC contains no mention of Plaintiff's ability to only respond to nonconfrontational feedback, and it is unclear what level of impairment the ALJ found regarding Plaintiff's ability to respond to feedback from supervisors. This error requires remand. *Bennett*, 2017 WL 5612154, at *8. The ALJ must incorporate, or explain why he rejected, the documented limitation in Plaintiff's ability to respond to criticism from supervisors.

The opinions of Drs. Wright and Ibarra regarding Plaintiff's abilities to maintain concentration, persistence, and pace, as well as interact appropriately with others, and the ALJ's RFC determination are inconsistent. As explained above, "occasional" and "brief" contact are not synonymous, and the ALJ failed to account for the doctors' limitation that feedback must be nonconfrontational. A more restrictive RFC with respect to concentration, persistence, pace, and interactions with others may have resulted in a finding of disability. *Lucero*, 2021 WL 2589130, at *17. The ability to respond appropriately to supervision and coworkers also is included within the mental abilities needed for any job. *See* POMS DI 25020.010(B)(2)(c). Thus, an RFC providing for greater restrictions—*i.e.*, with the "nonconfrontational" qualifier—on these abilities may have also resulted in a finding of disability. *Bennett*, 2017 WL 5612154, at *7. An ALJ's error is harmless only if it is found to be "inconsequential to the ultimate non-disability determination" and if the Court "can confidently conclude that no reasonable ALJ, when [not making the same error] could have reached a different disability determination." *Stout*, 454 F.3d at 1055–56. Here, another ALJ, crediting the opinions of Drs. Wright and Ibarra, could have reached a different disability determination. The ALJ's failure to provide adequate reasons for

straying from the doctors' opinions, therefore, was not harmless.

### B. The ALJ's hypotheticals were incomplete

In assessing whether work "exists in significant numbers in the national economy," the ALJ must rely on complete hypotheticals posed to a vocational expert. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). The ALJ's hypothetical must be based on medical assumptions supported by substantial evidence in the record that reflects all the claimant's limitations. *Osenbrook v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001). The hypothetical should be "accurate, detailed, and supported by the medical record." *Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999). "If an ALJ's hypothetical does not reflect all the claimant's limitations, then the expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy." *Hill*, 698 F.3d at 1162.

Here, the ALJ's hypothetical did not include a limitation to only "brief" encounters with coworkers and the public, nor a limitation to nonconfrontational feedback. Because the hypotheticals were incomplete, the vocational expert's testimony carries no evidentiary value. *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). The Court therefore remands the case for further vocational expert testimony.

### C. The ALJ failed to provide specific, clear, and convincing reasons to discount Plaintiff's symptom testimony

The parties dispute whether the ALJ provided specific, clear, and convincing reasons in discounting Plaintiff's subjective symptom testimony. *Compare* ECF No. 24 at 11–17; ECF No. 27 at 5–7 *with* ECF Nos. 25 and 26 at 7–10.

In determining whether a claimant's testimony regarding subjective pain or symptoms is credible, the ALJ engages in a two-step analysis. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. *Id.* (internal citation and quotation omitted). The claimant is not required to show that her impairment "could reasonably be expected to cause the severity of the

9

symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007)). If the claimant satisfies the first step of the analysis, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of their symptoms "only by offering specific, clear, and convincing reasons for doing so." *Id.* (internal citation and quotation omitted). General findings are insufficient; rather, the ALJ must identify what symptom claims are being discounted and what evidence undermines these claims. *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently explain why they discounted the claimant's symptom claims). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison*, 759 F.3d at 1015 (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)). That said, if the ALJ's credibility finding is supported by substantial evidence in the record, the Court may not engage in second-guessing. *Thomas*, 278 F.3d at 959.

Here, the ALJ found that Plaintiff's medically determinable impairments could cause limitations. ECF No. 19-1 at 32. However, the ALJ found that Plaintiff's "statements concerning the intensity, persistence, and limiting effects of these symptoms are not generally consistent with the medical evidence and other evidence in the record." *Id.* The ALJ cited conservative treatment and objective medical evidence to discount Plaintiff's symptom testimony. *Id.* at 30–32. The Court addresses each in turn.

### 1. *Conservative treatment*

The ALJ discounted Plaintiff's symptom testimony because she experienced periods of improvement throughout the adjudicatory period and her symptoms responded well to "essentially routine and/or conservative mental health treatment." ECF No. 19-1 at 31–32. The ALJ also noted that Plaintiff was not always compliant with her medication regime—citing a gap in treatment from January to August 2016 and noting that while Plaintiff was in counseling, she admitted to being inconsistent in taking her prescribed medication. *Id.* at 31.

"[E]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment." *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) (quoting *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995). However, an ALJ errs in relying on conservative treatment if the record does not reflect that more aggressive treatment options are appropriate or available. *Cortes v. Colvin*, No. 2:15-CV-2277 (GJS), 2016 WL 119238, at *4 (C.D. Cal. Mar. 28, 2016). Here, it is not clear how Plaintiff's treatment has been conservative—as the ALJ did not provide an explanation—especially considering the ALJ's documentation of Plaintiff's numerous hospitalizations. *See* ECF No. 19-1 at 31–32. Though the ALJ noted that Plaintiff experienced periods of improvement, "it is error to reject a claimant's testimony merely because symptoms wax and wane in the course of treatment," particularly in the mental health context. *Garrison*, 759 F.3d at 1017. Because the record does not support the proposition that more aggressive treatment is available, this is not a sufficient reason for discounting Plaintiff's subjective symptoms.

The Ninth Circuit also has "particularly criticized the use of a lack of treatment to reject mental complaints. . . because 'it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation." *Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1299–00 (9th Cir. 1999) (quoting *Nguyen*, 100 F.3d at 1465). Therefore, Plaintiff's inconsistency in taking her medication also is not a sufficient basis to discount Plaintiff's testimony.

### 2. Objective medical evidence

The ALJ also discounted Plaintiff's subjective symptom testimony based on inconsistencies with the objective medical record. ECF No. 19-1 at 30–32. Inconsistency with the medical record can provide a clear and convincing basis for discounting a claimant's symptoms, so long as it is not the sole basis for doing so. *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009). Because the Court found that the ALJ's other reasons were not specific, clear, and convincing, this remaining reason cannot be a sufficient basis for discounting Plaintiff's symptom testimony. *See id.*

11

Because the ALJ did not provide enough "reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence," the Court cannot treat this error as harmless. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014). Moreover, another ALJ crediting Plaintiff's symptom testimony could have reached a different disability determination, likewise rendering the error not harmless. *Stout*, 454 F.3d at 1055–56. The Court therefore remands this matter because it finds that (1) further administrative proceedings would be useful, and (2) it is unclear whether the ALJ judge would be required to find the claimant disabled if the case is remanded and the improperly discredited evidence is credited as true. *See Garrison*, 759 F.3d at 1020 (setting forth the test for the appropriate type of remand).

## IV. CONCLUSION

**IT IS THERFORE ORDERED** that Plaintiff's Motion to Remand (ECF No. 24) is GRANTED consistent with this Order.

**IT IS FURTHER ORDERED** that the Commissioner's Cross-Motion to Affirm and Response to Plaintiff's Motion for Reversal and/or Remand (ECF Nos. 25 and 26) is DENIED.

**IT IS FURTHER ORDERED** that on remand, the ALJ consider Plaintiff's limitations regarding interaction and feedback, Plaintiff's subjective symptom testimony, and any other part of the decision as necessary considering the updated record on remand, including Plaintiff's RFC and any hypothetical given to the vocational expert.

**IT IS FURTHER ODERED** that the Clerk of Court enter judgment in favor of Plaintiff and close this case.

DATED this 8th day of November 2023.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE